**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **EXCEL AIRCRAFT, LLC,** | : | |
| | : | |
| **Plaintiff/Counterclaim** | : | |
| **Defendant,** | : | **CASE NO.: 2:24-cv-00881-GBW-JHR** |
| | : | |
| **v.** | : | |
| | : | |
| **BLATTNER ENERGY, LLC,** | : | |
| | : | |
| **Defendant/Counterclaim** | : | |
| **Plaintiff.** | : | |
| | : | |

## <u>ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT BLATTNER ENERGY, LLC IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

COMES NOW, by and through undersigned counsel, Defendant Blattner Energy, LLC ("Blattner"), and for its Answer and Affirmative Defenses in response to Plaintiff Excel Aircraft, LLC's ("Excel") First Amended Complaint ("FAC"), states as follows:

<u>PARTIES</u>

1.    Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2.    Blattner admits the allegations contained in Paragraph 2 of the FAC.

3.    Blattner admits the allegations contained in Paragraph 3 of the FAC.

4.    Blattner admits the allegations contained in Paragraph 4 of the FAC.

1

135416630v1

<u>JURISDICTION AND VENUE</u>

5.      Responding to Paragraph 5 of the FAC, Blattner admits that this action was originally filed in the Lincoln County District Court, 12th Judicial District, for the State of New Mexico. Blattner admits and affirmatively alleges that this Court has subject matter jurisdiction and that venue in this Court is proper.

6.      The allegations contained in Paragraph 6 of the FAC state legal conclusions to which no response is required. To the extent a response is required, Blattner admits the allegations contained therein.

<u>STATEMENT OF FACTS</u>

7.      Responding to Paragraph 7 of the FAC, Blattner admits only that Excel performed work on the SunZia Southwest Transmission and Wind Generation Project, Southern Windfarm Facility – New Mexico, USA (the "Project"). Blattner further admits only that Excel was a subcontractor on the Project, but Excel abandoned the Project and walked off the Project site. Blattner denies all remaining allegations.

8.      Blattner admits the allegations contained in Paragraph 8 of the FAC.

9.      Responding to Paragraph 9 of the FAC, Blattner admits only that it entered into a contract with SunZia South Wind, LLC ("SunZia") to perform work in furtherance of the Project. Blattner lacks knowledge or information sufficient to form a belief to the truth of all remaining allegations and, therefore, denies the same.

135416630v1

10.     Responding to Paragraph 10 of the FAC, Blattner admits only that it entered into a subcontract with Excel in furtherance of the Project (the "Subcontract"), and Excel attached to its FAC as **Exhibit A** what appears to be a copy of the Subcontract. Responding further, Blattner states that the document attached to the FAC as **Exhibit A** is a written agreement that speaks for itself, and Blattner denies any allegation inconsistent with the same.

11.     Responding to Paragraph 11 of the FAC, Blattner admits only that Excel had previously performed work for Blattner. Blattner denies all remaining allegations.

12.     Blattner denies the allegations contained in Paragraph 12 of the FAC.

13.     Responding to Paragraph 13 of the FAC, Blattner states that the document attached to the FAC as **Exhibit A** is a fully integrated, written agreement that speaks for itself, and Blattner denies any allegation inconsistent with the same. Blattner denies all remaining allegations.

14.     Responding to Paragraph 14 of the FAC, Blattner admits only that it presented the Subcontract to Excel via DocuSign®. Blattner denies all remaining allegations.

15.     Responding to Paragraph 15 of the FAC, Blattner admits only that Excel signed the Subcontract through DocuSign. Blattner denies all remaining allegations.

16.     Responding to Paragraph 16 of the FAC, Blattner admits, and affirmatively alleges, only that Excel did not have a proper license to perform the Subcontract work

3

under New Mexico law. Blattner further admits only that its representatives had one or more conversations with representatives of Excel regarding the Subcontract. Blattner denies all remaining allegations.

17.     Blattner denies the allegations contained in Paragraph 17 of the FAC.

18.     Blattner denies the allegations contained in Paragraph 18 of the FAC.

19.     Responding to Paragraph 19 of the FAC, Blattner lacks knowledge or information sufficient to form a belief as to Excel's knowledge and, therefore, denies the allegations contained in Paragraph 19 of the FAC. Blattner specifically denies that it made any false or incorrect representations to Excel. Blattner denies all remaining allegations.

20.     Blattner denies the allegations contained in Paragraph 20 of the FAC.

21.     Responding to Paragraph 21 of the FAC, Blattner admits only that it delivered a fully executed copy of the Subcontract to Excel in or around January 2024. Blattner denies all remaining allegations.

22.     Responding to Paragraph 22 of the FAC, Blattner admits only that Excel signed the Subcontract. Blattner denies that Excel possessed the license required under New Mexico law to perform the Subcontract work during all relevant times. Blattner denies all remaining allegations.

23.     The allegations contained in Paragraph 23 of the FAC state legal conclusions to which no response is required. To the extent a responses is required, Blattner denies the allegations contained in Paragraph 23 of the FAC.

135416630v1

24.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the FAC and, therefore, denies the same.

25.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the FAC and, therefore, denies the same.

26.     Responding to Paragraph 26 of the FAC, Blattner admits only that Excel attached to its FAC as **Exhibit A** what appears to be a copy of the Subcontract. Blattner further states that the document attached to the FAC as **Exhibit A** is a written agreement that speaks for itself. Blattner denies any allegation inconsistent with the same and denies all remaining allegations.

27.     Responding to Paragraph 27 of the FAC, Blattner admits only that Excel attached to its FAC as **Exhibit A** what appears to be a copy of the Subcontract. Blattner further states that the document attached to the FAC as **Exhibit A** is a written agreement that speaks for itself. Blattner denies any allegation inconsistent with the same and denies all remaining allegations.

28.     Responding to Paragraph 28 of the FAC, Blattner admits only that Excel had previously performed subcontract work for Blattner. Blattner denies all remaining allegations.

135416630v1

29.    Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the FAC and, therefore, denies the same.

30.    Responding to Paragraph 30 of the FAC, Blattner admits only that Excel provided Blattner with a proposal for trenching work on the Project. Blattner denies all remaining allegations.

31.    Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the FAC and, therefore, denies the same.

32.    Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the FAC and, therefore, denies the same.

33.    Responding to Paragraph 33 of the FAC, Blattner admits only that it provided a Letter or Intent to Excel and said Letter of Intent is a written document that speaks for itself. Blattner denies any allegation inconsistent with the same and denies all remaining allegations.

34.    Responding to Paragraph 34 of the FAC, Blattner admits only that it provided Excel with a file containing a geotechnical report relating to the Project. Blattner denies all remaining allegations.

135416630v1

35.     Responding to Paragraph 35 of the FAC, Blattner admits only that the Subcontract is dated December 7, 2023. Blattner denies all remaining allegations.

36.     Responding to Paragraph 36 of the FAC, Blattner admits only that representatives from Blattner and Excel met on one or more occasion relating to the Project. Blattner specifically denies the allegation that, on or about January 24, 2024, representatives of Excel were granted access for the first time to inspect Zones 1 & 2 of the Project. Blattner lacks information or knowledge sufficient to form a belief as to all remaining allegations and, therefore, denies the same.

37.     Blattner denies the allegations contained in Paragraph 37 of the FAC.

38.     Responding to Paragraph 38 of the FAC, Blattner admits only that its representatives exchanged email communications with Excel representatives on one or more occasion, and said communications are written documents that speak for themselves. Blattner denies any allegation inconsistent with the same. Blattner denies all remaining allegations.

39.     Responding to Paragraph 39 of the FAC, Blattner admits only that its representatives corresponded with Excel representatives on one or more occasion. Blattner further admits only that it provided Excel with one or more reports relating to the Project, and said reports are written documents that speak for themselves. Blattner denies all remaining allegations.

135416630v1

40.    Responding to Paragraph 40 of the FAC, Blattner admits only that its representatives exchanged email communications with Excel representatives on one or more occasion, and said communications are written documents that speak for themselves. Blattner denies any allegation inconsistent with the same. Blattner denies all remaining allegations.

41.    Responding to Paragraph 41 of the FAC, Blattner admits only that it provided Excel with one or more reports relating to the Project, and said reports are written documents that speak for themselves. Blattner denies any allegation inconsistent with the same. Blattner denies all remaining allegations.

42.    Blattner denies the allegations contained in Paragraph 42 of the FAC.

43.    Responding to Paragraph 43 of the FAC, Blattner admits only that Excel commenced work on the Project on or about February 19, 2024. Blattner denies all remaining allegations.

44.    Blattner denies the allegations contained in Paragraph 44 of the FAC.

45.    Blattner denies the allegations contained in Paragraph 45 of the FAC.

46.    Responding to Paragraph 46 of the FAC, Blattner admits only that its representatives exchanged email communications with Excel representatives on one or more occasion, and said communications are written documents that speak for themselves. Blattner denies any allegation inconsistent with the same. Blattner denies all remaining allegations.

135416630v1

47.    Responding to Paragraph 47 of the FAC, Blattner admits only that its representatives met with Excel representatives on one or more occasion. Blattner denies all remaining allegations.

48.    Responding to Paragraph 48 of the FAC, Blattner admits only that its representatives exchanged email communications with Excel representatives on one or more occasion, and said communications are written documents that speak for themselves. Blattner denies any allegation inconsistent with the same. Blattner denies all remaining allegations.

49.    Blattner denies the allegations contained in Paragraph 49 of the FAC.

50.    Responding to Paragraph 50 of the FAC, Blattner admits only that its representatives exchanged email communications with Excel representatives on one or more occasion, and said communications are written documents that speak for themselves. Blattner denies any allegation inconsistent with the same. Blattner denies all remaining allegations.

51.    Responding to Paragraph 51 of the FAC, Blattner admits only that its representatives exchanged email communications with Excel representatives on one or more occasion, and said communications are written documents that speak for themselves. Blattner denies any allegation inconsistent with the same. Blattner denies all remaining allegations.

52.     Responding to Paragraph 52 of the FAC, Blattner admits only that its representatives had one or more telephone conversations with Excel representatives relating to the Project. Blattner denies the remaining allegations contained therein.

53.     Responding to Paragraph 53 of the FAC, Blattner admits only that it placed Excel on notice, in writing, that it was in default under the terms of the subcontract and that Excel had materially breached the parties' subcontract. Blattner denies all remaining allegations.

54.     Responding to Paragraph 54 of the FAC, Blattner admits only that its representatives met with Excel representatives on one or more occasion. Blattner denies all remaining allegations.

55.     Responding to Paragraph 55 of the FAC, Blattner admits only that Excel demanded to approximately double its unit price per linear foot for the trenching work described in the Subcontract. Blattner also admits only that it replaced Excel after Excel had repudiated the Subcontract and abandoned the Project. Blattner denies all remaining allegations.

56.     Responding to Paragraph 56 of the FAC, Blattner admits only that its representatives corresponded with Excel representatives on one or more occasion. Blattner denies all remaining allegations.

57.     Responding to Paragraph 57 of the FAC, Blattner admits only that, on or about June 20, 2024, it notified Excel, in writing, that Excel had materially breached the

135416630v1

subcontract and was in default for, among other things, failure to meet the 7,000 linear feet per day requirement. Blattner denies all remaining allegations.

58.     Responding to Paragraph 58 of the FAC, Blattner admits only that, on or about June 20, 2024, it notified Excel, in writing, that Excel had materially breached the subcontract and was in default for, among other things, failure to meet the 7,000 linear feet per day requirement. Blattner denies all remaining allegations.

59.     Responding to Paragraph 59 of the FAC, Blattner admits only that Excel abandoned the Project completely and walked off the Project site. Blattner denies all remaining allegations.

60.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the FAC and, therefore, denies the same.

61.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the FAC and, therefore, denies the same.

62.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the FAC and, therefore, denies the same.

135416630v1

<u>FIRST COUNT – Breach of Contract</u>

63.     Blattner repeats and incorporates by reference all previous statements as if fully stated here.

64.     Responding to Paragraph 64 of the FAC, Blattner admits only that it entered into a subcontract with Excel relating to the Project, and that the Subcontract is a written document that speaks for itself. Blattner denies any allegation inconsistent therewith and denies all remaining allegations.

65.     Blattner admits the allegations contained in Paragraph 65 of the FAC.

66.     Blattner denies the allegations contained in Paragraph 66 of the FAC.

67.     Blattner denies the allegations contained in Paragraph 67 of the FAC.

68.     Blattner denies the allegations contained in Paragraph 68 of the FAC.

69.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the FAC relating to any testing Excel may have performed at the Project site and, therefore, denies the same. Blattner denies all remaining allegations.

70.     Blattner denies the allegations contained in Paragraph 70 of the FAC.

71.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the FAC relating to any testing Excel may have performed at the Project site and, therefore, denies the same. Blattner denies all remaining allegations contained in Paragraph 71 of the FAC.

135416630v1

72.     Blattner denies the allegations contained in Paragraph 72 of the FAC.

73.     Blattner denies the allegations contained in Paragraph 73 of the FAC.

74.     Blattner denies the allegations contained in Paragraph 74 of the FAC.

75.     Blattner denies the allegations contained in Paragraph 75 of the FAC.

76.     Blattner denies the allegations contained in Paragraph 76 of the FAC.

77.     Blattner denies the allegations contained in Paragraph 77 of the FAC.

78.     Blattner denies the allegations contained in Paragraph 78 of the FAC.

79.     Blattner denies the allegations contained in Paragraph 79 of the FAC.

80.     Blattner denies the allegations contained in Paragraph 80 of the FAC.

81.     Blattner denies the allegations contained in Paragraph 81 of the FAC.

<u>SECOND COUNT – Negligent Misrepresentation</u>

82.     Blattner repeats and incorporates by reference all previous statements as if fully stated here.

83.     Blattner denies the allegations contained in Paragraph 83 of the FAC.

84.     Responding to Paragraph 84 of the FAC, Blattner admits only that Excel had performed work for Blattner on previous projects. Blattner denies all remaining allegations.

85.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the FAC and, therefore, denies the same.

13

135416630v1

86.     Blattner denies the allegations contained in Paragraph 86 of the FAC.

87.     Blattner denies the allegations contained in Paragraph 87 of the FAC.

88.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the FAC and, therefore, denies the same.

89.     Blattner denies the allegations contained in Paragraph 89 of the FAC.

90.     Blattner denies the allegations contained in Paragraph 90 of the FAC.

91.     Blattner denies the allegations contained in Paragraph 91 of the FAC.

<u>THIRD COUNT – Fraudulent Misrepresentation</u>

92.     Blattner repeats and incorporates by reference all previous statements as if fully stated here.

93.     Blattner denies the allegations contained in Paragraph 93 of the FAC.

94.     Responding to Paragraph 94 of the FAC, Blattner admits only that Excel had performed work for Blattner on previous projects. Blattner denies all remaining allegations.

95.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the FAC and, therefore, denies the same.

96.     Blattner denies the allegations contained in Paragraph 96 of the FAC.

97.     Blattner denies the allegations contained in Paragraph 97 of the FAC.

135416630v1

98.     Blattner denies the allegations contained in Paragraph 98 of the FAC.

99.     Blattner lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the FAC and, therefore, denies the same.

100.    Blattner denies the allegations contained in Paragraph 100 of the FAC.

101.    Blattner denies the allegations contained in Paragraph 101 of the FAC.

102.    Blattner denies the allegations contained in Paragraph 102 of the FAC.

103.    Blattner denies the allegations contained in Paragraph 103 of the FAC.

<u>FOURTH COUNT – Unjust Enrichment</u>

104.    Blattner repeats and incorporates by reference all previous statements as if fully stated here.

105.    Blattner denies the allegations contained in Paragraph 105 of the FAC.

106.    Blattner denies the allegations contained in Paragraph 106 of the FAC.

107.    Blattner denies the allegations contained in Paragraph 107 of the FAC.

108.    Blattner denies the allegations contained in Paragraph 108 of the FAC.

109.    Blattner denies the allegations contained in Paragraph 109 of the FAC.

110.    Blattner denies the allegations contained in Paragraph 110 of the FAC.

111.    Blattner denies that Excel is entitled to the relief sought in Paragraph 111 of the FAC.

112.    Responding to the "WHEREFORE" paragraph immediately following Paragraph 111 of the FAC, Blattner states that Excel is not entitled to the relief sought therein or any other relief.

<u>GENERAL DENIAL</u>

113.    Blattner denies each and every allegation contained in the FAC not expressly admitted in this Answer.

<u>AFFIRMATIVE DEFENSES</u>

1.    Excel's FAC, in whole or in part, fails to state a claim upon which relief may be granted.

2.    Excel's claims, or some of them, are barred, in whole or in part, by the express terms of the parties' written agreement.

3.    Excel's claims, or some of them, are barred, in whole or in part, by virtue of the fact that the Subcontract is a fully integrated contract representing the entire agreement between the parties.

4.    Excel's claims, or some of them, are barred, in whole or in part, by Excel's failure to mitigate its damages.

5.    Excel's claims, or some of them, are barred, in whole or in part, because Excel's damages, if any, are the direct and proximate result of Excel's own acts or omissions and/or the acts or omissions of parties outside Blattner's custody and/or control.

135416630v1

6.      Excel's claims, or some of them, are barred, in whole or in part, for failure to plead with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

7.      Excel's claims, or some of them, are barred, in whole or in part, for Excel's failure to satisfy conditions precedent.

8.      Excel's claims, or some of them, are barred, in whole or in part, because Blattner fully performed under the parties' agreement.

9.      Excel's claims, or some of them, are barred, in whole or in part, because Excel materially breached the parties' agreement, excusing Blattner's performance.

10.     Excel's claims, or some of them, are barred, in whole or in part, under the doctrine of anticipatory repudiation and/or failure to provide adequate assurances.

11.     Excel's claims, or some of them, are barred, in whole or in part, under the doctrine of unilateral or mutual mistake of law or fact, impracticability, impossibility, and/or frustration of purpose.

12.     Excel's claims, or some of them, are barred, in whole or in part, under the equitable doctrines of laches, waiver, unclean hands, and/or estoppel.

13.     Excel's claims, or some of them, are barred, in whole or in part, for want of consideration.

14.     Excel's claims, or some of them, are barred, in whole or in part, due to Excel's waiver and/or assumption of risk.

17

15.     Excel's claims, or some of them, are barred, in whole or in part, under the economic loss doctrine.

16.     Excel's claims, or some of them, are barred, in whole or in part, because Excel's contributory negligence was the direct and proximate cause of Excel's damages, if any.

17.     Excel's claims are barred, in whole or in part, by Excel's comparative fault because any alleged claims, injury or damages were proximately caused or contributed to by Excel's prior acts or omissions, material breach of obligations, and/or the intentional acts or omissions and/or the negligent acts or omissions of third parties other than Blattner.

18.     Excel's claims, or some of them, are barred, in whole or in part, because Excel's damages, if any, were directly and proximately caused by an intervening and/or superseding event.

19.     Excel's claims, or some of them, are barred, in whole or in part, pursuant to NMSA 1978, §§ 60-13-12 and 60-13-30, among others, for failure to allege that it was a duly licensed contractor at the time its causes of action arose.

20.     Blattner reserves the right to raise additional affirmative defenses as this litigation and discovery in this matter continue.

WHEREFORE, having fully responded to Plaintiff Excel Aircraft, LLC's FAC, Defendant Blattner Energy, LLC respectfully requests that the Court dismiss Excel's FAC,

with prejudice, deny Excel any relief sought therein, enter judgment in favor of Blattner and against Excel, and award Blattner costs and reasonable attorneys' fees, as permitted by law.

Respectfully submitted,


*/s/ Joseph P. Guenther*
Joseph P. Guenther (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, Ohio 43215
(P): 614-221-2838
jguenther@taftlaw.com

Patrick J. Lindmark (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(P): 612-977-8573
plindmark@taftlaw.com

Stevan D. Looney
SUTIN THAYER & BROWNE
PO Box 1945
Albuquerque, NM 87103
(P): 505-883-3386
(F): 505-855-9580
SDL@sutinfirm.com

*Attorneys for Defendant/Counterclaim Plaintiff Blattner Energy, LLC*

135416630v1

## COUNTERCLAIM

COMES NOW, by and through undersigned counsel, and for its Counterclaim against Plaintiff Excel Aircraft, LLC ("Excel"), Defendant Blattner Energy, LLC ("Blattner") alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Blattner is a Minnesota limited liability company maintaining its principal place of business at 392 County Road 50, Avon, Minnesota 56310.

2.      Upon information and belief, Excel is a Louisiana limited liability company maintaining its principal place of business at 2228 SE Loop 59, Carthage, Texas 75633.

3.      This action was properly removed from the District Court of Lincoln County, New Mexico, Twelfth Judicial District, pursuant to 28 U.S.C. §§ 1441 and 1446.

4.      This Court has personal jurisdiction over the parties.

5.      Blattner is a citizen of the State of Delaware and the State of Texas. Excel is a citizen of the State of Louisiana. The amount in controversy in this action exceeds $75,000. Therefore, the parties are completely diverse, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

6.      Venue is proper in this Court under 28 U.S.C. §§ 1391, 1441(a), and 1446(a) because the District Court of Lincoln County, New Mexico, Twelve Judicial District, where the original Complaint was filed, is a state court within the District of New Mexico.

135416630v1

<u>FACTS</u>

7.    Blattner is an industry-leading general contractor that, among other things, provides construction services for wind energy projects and other renewable energy projects across the nation.

8.    At all relevant times, Blattner was serving as the general contractor for a wind energy construction project commonly known as the SunZia Southwest Transmission and Wind Generation Project, Southern Windfarm Facility, New Mexico, USA (the "Project").

9.    Blattner was, at all relevant times, and continues to be, a duly licensed general contractor in full compliance with the New Mexico Construction Industries Licensing Act, NMSA 1978, Chapter 60, Article 13, *et seq.*

10.    Before Blattner could engage Excel to perform work on the Project, Blattner required Excel to undergo certain pre-qualification screening to, among other things, ensure that Excel met all Project requirements and was a contractor duly licensed under New Mexico law.

11.    On or about December 7, 2023, Blattner and Excel entered into a subcontract pursuant to which Excel was obligated to perform certain trenching work in exchange for payment from Blattner (the "Subcontract"). A true and accurate copy of the Subcontract is attached hereto as **<u>Exhibit A</u>** and incorporated herein by reference.

135416630v1

12.     Excel was obligated to perform its trenching work pursuant to the Subcontract in furtherance of the Project.

13.     A "Scope of Work" document was attached to the Subcontract as Exhibit A and incorporated therein by reference. Accordingly, the terms of the "Scope of Work" attachment became part of the Subcontract.

14.     Excel's scope of work involved, among other things, using trenching machines and other heavy equipment to excavate and dig trenches on the Project site into which a separate Blattner subcontractor would follow along and lay cables for the purpose of transmitting energy generated from the wind turbines to substations.

15.     At all times while Excel was performing its scope of work on the Project, Excel did not hold a valid GS-8 license issued by the New Mexico Construction Industries Divisions.

16.     The Subcontract required Excel, among other things, to "provide trenchers sized to handle the site conditions and maintain the required daily footage, operators and spotters to trench."

17.     The Subcontract also set forth dimensions for Excel's trenching work. Specifically, the depth of all trenches was to be between 48 inches and 54 inches, and each trench was to be 28 inches wide.

18.     Excel's work on the Project was divided into separate "zones," and the unit price payable to Excel was based upon work performed within each Project "zone."

135416630v1

Specifically, the unit price for zones 1, 2, and 3 was $3.40 per linear foot, and the unit price for zones 4, 5, 6, and 7 was $3.55 per linear foot. The Subcontract also allowed Excel to charge $0.90 per vertical foot for extra depth, if necessary.

19.     The Subcontract did not include any other unit prices for the trenching work.

20.     The Subcontract provided that all unit prices for trenching work contained therein "will remain the same for the entire duration of the Project," and "additional quantities will be added with change orders at the same unit price."

21.     The Subcontract also provided that Excel "has assumed all risk for rock sawing and trenching with the SOV price."

22.     The Subcontract set forth a detailed schedule pursuant to which Excel was obligated to complete its trenching work. Excel was required to complete all trenching work in the respective Project zones on or before the date listed in the Subcontract. Specifically, Excel was required to complete its trenching work in accordance with the following:

    a.  Zone 1 – complete on or before April 20, 2024

    b.  Zone 2 – complete on or before July 15, 2024

    c.  Zone 3 – complete on or before October 10, 2024

    d.  Zone 4 – complete on or before January 1, 2025

    e.  Zone 5 – complete on or before April 1, 2025

f.   Zone 6 – complete on or before July 1, 2025

g.   Zone 7 – complete on or before September 15, 2025

23.    In addition to the milestones set forth above, Excel was required under the Subcontract to complete all trenching work on or before January 30, 2026.

24.    Notwithstanding the milestones set forth above, the Subcontract required Excel to "average 7,000 feet of trench per day," and if Excel failed to maintain that rate, it was required to "bring in additional equipment."

25.    Excel was required under the Subcontract to provide a detailed schedule for its trenching work within two weeks of work acceptance. Furthermore, Excel was required to update its schedule and submit it to Blattner on a weekly basis in a commercially reasonable file format.

26.    Excel was also required to "provide daily work plans and provide daily production rates," and if Excel "[fell] behind the trenching operations by 5 shifts," Excel was required to "provide a recovery plan to Blattner to facilitate recovery to the schedule."

27.    Excel commenced its trenching work on the Project on or about February 19, 2024.

28.    After Excel commenced trenching work on the Project, it began demanding additional money to complete its scope, threatening to walk off the Project if Blattner did

24

not capitulate to its demands. Specifically, Excel demanded to be paid $6.75 per linear foot, approximately double the unit prices provided under the Subcontract.

29.     Moreover, by June 2024, Excel fell significantly behind schedule and failed to meet its minimum output of 7,000 linear feet per day, causing the Project to be delayed.

30.     On or about June 20, 2024, Blattner notified Excel, in writing, that Excel was in material breach of the Subcontract for failure to maintain the Project schedule and meet its minimum output requirement of 7,000 linear feet per day. A true and accurate copy of Blattner's June 20, 2024, notice of material breach is attached hereto as **Exhibit B** and incorporated herein by reference.

31.     Based upon Excel's failure to maintain the Project schedule, its failure to meet the 7,000 linear feet per day output requirement, its demand to double the price set forth in the Subcontract, and its threat to walk off the Project, Blattner demanded in its June 20, 2024, notice further assurances from Excel that it would complete the Subcontract work for the price agreed upon by the parties.

32.     Blattner's June 20, 2024, notice also provided Excel with an opportunity to cure its material breach and notified Excel that, if it failed to cure its breach, Blattner would be forced to terminate Excel and engage a replacement subcontractor to complete Excel's scope of work.

33.     On or about June 25, 2024, Excel responded in writing, through counsel, to Blattner's June 20, 2024, notice of material breach denying that it failed to meet the 7,000

25

linear feet per day requirement. A true and accurate copy of Excel's June 25, 2024, response to Blattner's notice of material breach is attached hereto as **Exhibit C** and incorporated herein by reference.

34.    Between June 20, 2024, the date Blattner sent its notice of material breach to Excel, and June 25, 2024, the date Excel sent its response, Excel completely walked off the Project and withdrew all its personnel and equipment. By the time Blattner received Excel's June 25, 2024, response, Excel had completely withdrawn all personnel and equipment from the Project.

35.    Excel also stated, in a conclusory fashion, that the Project suffered "various delays at the request of Blattner Energy." Rather than provide Blattner with details of its claim that Blattner itself delayed the Project, Excel simply stated that the cause for the delays "can be presented upon request."

36.    Instead of complying with the dispute resolution provisions set forth in the Subcontract, Excel chose to walk off the Project and abandon it completely.

37.    On or about July 8, 2024, Blattner notified Excel in writing that, among other things, walking off of the Project due to Blattner's refusal to double the Subcontract price per linear foot amounted to a separate material breach of the Subcontract. Blattner also notified Excel that it was forced to engage a replacement contractor to complete Excel's scope of work. A true and accurate copy of Blattner's July 8, 2024, correspondence is attached hereto as **Exhibit D** and incorporated herein by reference.

38.    As a result of Excel's demand to double the Subcontract price, its failure to maintain the Project schedule, its Project abandonment, and other material breaches, Blattner was required to engage a replacement contractor to complete Excel's scope of work at a price that significantly exceeded the price set forth in the Subcontract.

39.    As a result of Excel's abandonment of the Project, Blattner has suffered significant delays to the overall Project schedule, which may result in the assessment of liquidated damages by the Project's owner.

<u>COUNT I – Breach of Contract</u>

40.    Blattner restates and incorporates by reference all previous allegations set forth above as if fully stated here.

41.    The Subcontract constitutes a binding and enforceable contract between the parties.

42.    Blattner performed all of its obligations under the Subcontract.

43.    Blattner satisfied all conditions precedent set forth in the Subcontract.

44.    Excel breached the Subcontract by, among other things, failing to maintain the Project schedule, failing to meet it's 7,000 linear feet per day requirement, abandoning the Project, failing to cure its material breach of the Subcontract, and otherwise failing to comply with the terms of the Subcontract.

45.    Excel failed to provide adequate assurances upon Blattner's reasonable demand and failed to cure its material breaches of the Subcontract.

135416630v1

46.    Blattner suffered damages in excess of $75,000, the exact amount to be determined at trial, as a direct and proximate result of Excel's multiple material breaches of the Subcontract, its repudiation of the Subcontract, and its breach of good faith and fair dealing.

<u>COUNT II – Breach of the Implied Duty of Good Faith and Fair Dealing</u>

47.    Blattner restates and incorporates by reference all previous allegations set forth above as if fully restated here.

48.    The Subcontract constitutes a binding and enforceable contract between the parties.

49.    Blattner performed all of its obligations under the Subcontract.

50.    Blattner satisfied conditions precedent set forth in the Subcontract.

51.    The Subcontract imposed upon Excel an implied covenant of good faith and fair dealing in the performance of the Subcontract and required Excel to do nothing that interfered with Blattner receiving the benefits of the Subcontract.

52.    Excel unilaterally, without consideration, and contrary to the terms of the Subcontract with Blattner breached the implied covenant of good faith and fair dealing owed to Blattner and repudiated the Subcontract by, among other things, demanding that Blattner double the price per linear foot in the Subcontract and threatening to walk off the Project if Blattner did not capitulate to Excel's demands.

53.    The demands made by Excel are contrary to the terms agreed to in the Subcontract, were not part of the Subcontract, and interfered with Blattner receiving the benefits of the Subcontract.

54.    Blattner suffered damages in excess of $75,000, the exact amount to be determined at trial, as a direct and proximate result of Excel's breach of the implied duty of good faith and fair dealing.

WHEREFORE, Defendant/Counterclaim Plaintiff Blattner Energy, LLC respectfully prays that the Court enter judgment in its favor, and against Defendant/Counterclaim Defendant Excel Aircraft, LLC, and award Blattner Energy, LLC compensatory, consequential, punitive damages, attorneys' fees, and costs, and interest, as permitted by law, and provide all other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Joseph P. Guenther
Joseph P. Guenther (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
41 S. High Street, Suite 1800
Columbus, Ohio 43215
(P): 614-221-2838
jguenther@taftlaw.com

Patrick J. Lindmark (*pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street

29

Minneapolis, Minnesota 55402
(P): 612-977-8573
plindmark@taftlaw.com

Stevan D. Looney
SUTIN THAYER & BROWNE
PO Box 1945
Albuquerque, NM 87103
(P): 505-883-3386
(F): 505-855-9580
SDL@sutinfirm.com

*Attorneys for Defendant/Counterclaim Plaintiff Blattner Energy, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on October 16, 2024, the foregoing *Answer,*

*Affirmative Defenses, and Counterclaim* in response to Plaintiff's First Amended Complaint

was filed electronically via the Court's CM/ECF system, and a true and accurate copy of

the same was served via U.S. Mail and/or electronic mail upon the following:

Patrick J. Griebel
Jeremy Theoret
MARRS GRIEBEL LAW, LTD.
1000 Gold Avenue, SW
Albuquerque, NM 87102
patrick@marrslegal.com
jeremy@marrslegal.com

Robert Kennedy, Jr.
COOK, YANCY, KING &
GALLOWAY, APLC
PO Box 22260, Shreveport, LA 71120
333 Texas Street, Suite 1700 (71101)
Robert.kennedy@cookyancey.com

*Counsel for Plaintiff/Counterclaim Defendant*
*Excel Aircraft, LLC*

/s/ *Joseph P. Guenther*
Joseph P. Guenther

*Attorney for Defendant/Counterclaim*
*Plaintiff Blattner Energy, LLC*

31

135416630v1