**Cook, Yancey, King & Galloway**
A Professional Law Corporation
333 Texas Street, Suite 1700
Post Office Box 22260
Shreveport, Louisiana 71120-2260
www.cookyancey.com

D. Logan Schroeder

Writer's Direct
(318) 227-7776
Logan.Schroeder@cookyancey.com

June 25, 2024

Telephone (318) 221-6277
Facsimile (318) 227-7850

### VIA ELECTRONIC MAIL

Victoria Braegelmann
vbraegelmann@blattnercompany.com

  Re: Your letter, dated June 20, 2024, on behalf of Blattner Energy, concerning 1041-SunZia South Wind, New Mexico and 1047-SunZia North Wind, New Mexico

Dear Ms. Braegelmann,

  We are writing on behalf of our clients, Excel Aircraft, LLC ("Excel"), in response to the above referenced letter (the "Letter").

  Excel's bid was based on the representations of Blattner Energy personnel, specifically, Robert Tate, who represented that the ground conditions for the SunZia South Wind project were the same as the adjacent Red Cloud and Telocate projects. If that had in fact been true, then Excel's bid remains true and correct. However, the ground conditions for the SunZia South Wind project are substantially different from the Red Cloud and Telocate projects.

  As repeatedly expressed to Blattner Energy personnel, Excel was unable to open the geotechnical report from Blatter prior to the bid. Similarly, Excel sent personnel to the job site to examine the conditions prior to making the bid. At that time the land was not cleared, and Excel was unable to access the mesas to examine the project conditions. It was at that point that Excel relied upon the representations of Blattner Energy personnel.

  The geotechnical report supplied by Blattner Energy states that the job site contained rocks with compressive strength between 7,000 - 13,000 psi. This is not the case, and the mesa rock is substantially harder. Simply put, the project conditions contain non-trenchable and non-sawable solid rock which were not known by, or reasonably discoverable by, Excel.

  As you know, a subcontractor can reasonably rely upon the representations of the general contractor. To prevail on a changed condition claim, the contractor must show that he was reasonably unaware that the condition existed, either because of the representations made about

**COOK, YANCEY, KING & GALLOWAY**

June 25, 2024
Page 2

the site or because the condition was hidden.[1]  As described above, Excel was unaware of the condition of the ground conditions and was forced to rely on Blattner Energy's representations. These representations were incorrect and constitute either a mutual mistake or a material misrepresentation.

Additionally, even if a subcontractor is not entitled to rely upon the representations of the general contractor (which is denied), your letter references a "SOV price" which is not defined in the subcontract or shown on any exhibit.  Typically, an SOV price would provide different prices for rock and dirt, and the approximate breakdown between the two materials.  Contractual provisions declaring that the contract should not be read against the drafter are inapplicable in the absence of evidence there was some joint drafting of the contract, which is not the case in this situation.  Similarly, the subcontract provides that Excel assumed the risk for rock sawing and trenching.  As mentioned above, the rock is un-sawable and un-trenchable and performance is therefore impossible.

Excel denies that it has failed to meet its obligation to trench 7,000 feet per day.  Excel has trenched an additional 70,000 feet, which has not been submitted.  Additionally, the project has suffered various delays at the request of Blattner Energy, which can be presented upon request. Excel further denies that a letter of intent that clearly contemplates the future execution of a subcontract gives rise to a legally binding obligation.

As a final matter, Excel has gone to great lengths to keep Blattner Energy informed of the situation and seek an amicable solution.  Excel believed the parties were working in good faith towards such a solution until it received Blattner Energy's notice of default.  Excel hereby invokes the dispute resolution set forth in the subcontract.

If you have any questions, please do not hesitate to contact me.

Sincerely yours,

D. Logan Schroeder

cc:   Wayne Adams (wayneadams@excelmulching.com)

---

[1] As a side note, New Mexico law applies.  Please see (NMSA 1978, § 57-28A-1(A)(1)), providing that "[a]ny provision in a construction contract, or any document that is made part of a contract, to improve New Mexico real property that makes the contract subject to the laws of another state is void and unenforceable."